IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

MICHAEL FITZWILLIAM, SR.,
AS GUARDIAN AND CONSERVATOR
OF THE PERSON OF ZACHARY FITZWILLIAM,
A Protected Person,

    Plaintiff,

VS.    NO._____

JURY DEMANDED

LARIAT SERVICES, INC., and
SANDRIDGE OPERATING COMPANY,

    Defendants.

P11CV030

### COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES

Comes Now Plaintiff and states:

1. That Plaintiff Michael Fitzwilliam, Sr. is the father and duly appointed Guardian and Conservator of the estate and person of Zachary Fitzwilliam, a protected person. That Plaintiff Michael Fitzwilliam, Sr. is a resident of the State of New Mexico. That at all times material hereto, Zachary Fitzwilliam was a resident of the State of New Mexico.

2. That Defendant Lariat Services, Inc. is a Texas corporation with its principal place of business in Fort Stockton, Texas with its registered agent for service of process being CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas Texas. That Defendant Sandridge Operating Company is a Texas corporation with its principal place of business and/or doing business and having substantial contacts being in Fort Stockton, Texas with its registered agent for service of process being CT Corporation System, 350 N. St. Paul Street, Suite 2900,

Dallas, Texas.

3. This Court has jurisdiction in the matter herein as provided by 28 USCA Section 1332 by reason of diversity of citizenship. That venue of the action herein is proper in the Western District of Texas, Pecos Division under the provisions of 28 USCA Section 1391 (a) (1) as District where all defendant corporations are located and doing business. That the claim for damages herein exceeds the sum of $75,000.00

4. That on or about January 12, 2011, while acting in the course and scope of his employment with Allen Casing Crews, Inc., Zachary Fitzwilliam was working on drilling rig owned, operated and controlled by Defendant Lariat Services, Inc. and/or Sandridge Operating Company when he was struck in the forehead with a hanger bolt ring falling from the blocks of the drilling rig from a distance of 30-50 feet. That said hanger bolt and ring was attached to the blocks of the drilling rig and being operated by person acting in the course and scope of his employment with Defendant Lariat and/or Sandridge Operating when said blocks struck the derrick of the drilling rig causing the hanger bolt to shatter with the attached ring falling to the rig floor striking Zachary Fitzwilliam in the forehead. That as a direct and proximate result of being struck, Zachary Fitzwilliam sustained substantial and permanent injuries.

5. That the injuries inflicted upon Plaintiff were the direct and proximate result of negligence of Defendants Lariat Services, Inc. and/or Sandridge Operating Company in the operation of the drilling rig in a safe and proper fashion; by failure to establish proper safety procedures; by failure to provide Plaintiff safe place to work; by failure to remove hanger rods from blocks; failure to use properly supervise the operation of the drilling rig and by failure to use reasonable care in the operation of the drilling rig at time of work of Plaintiff in installation of casing.

6. That in addition to such negligence, Defendants Lariat Services, Inc. and/or Sandridge Operating by and through its agents, failed to remove rod hangers from blocks of drilling rig during operation of said drilling rig and failed to remove rusted bolt from such hanger bolts that gave rise to the injuries of Plaintiff.

7. That the actions of Defendants in the operation of the drilling rig in the matter herein was reckless, wanton and grossly negligent such that Plaintiff is entitled to recover punitive damages as provided by law.

8. That as a direct and proximate result of the negligence of Defendants, Plaintiff has sustained permanent and disabling injuries; pain and suffering that will continue for his entire life; has incurred and will incur substantial medical and rehabiliation expenses; loss of earnings and earning capacity; substantial emotional pain and suffering by reason of loss of sight, brain injury and resulting disability.

9. That Plaintiff further seeks pre-judgment interest upon all damages as determined by the trier of fact as provided by law.

10. That trial by jury is demanded.

WHEREFORE, Plaintiff prays Judgement against Defendants for sums determined by the trier of fact; for pre-Judgment interest upon all sums so determined; for punitive damages for reckless and gross negligence of Defendants; for recovery of his costs and for such other and further relief as the Court may deem equitable.

MARK STOUT
Post Office Box 716
Hobbs, New Mexico 88240

TEMPLEMAN AND CRUTCHFIELD
113 E. Washington
Lovington, New Mexico 88260

TIDWELL & TIDWELL
3800 E. 42nd Street, Suite 408
Odessa, Texas   79762

By: _____
Attorneys for Plaintiff Fitzwilliam
State Bar 20020000